UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MPS IP SERVICES CORP.,
a Florida corporation; and,
MODIS, INC., a Florida corporation,

     Plaintiffs,

vs.                                      CASE NO. 3:06-cv-270-J-20HTS

MODIS COMMUNICATIONS, INC.,
a Canadian corporation; and,
RICHARD GODWIN, a Canadian
resident,

     Defendants.
_____

**O R D E R**

    This cause is before the Court on Plaintiffs' Motion to Allow Service of Process by Alternative Means (Doc. #10; Motion), filed on May 9, 2006.

    Plaintiffs request that the Court permit them to serve Defendants through alternative means, namely "email, facsimile, and regular mail." Motion at 3. They assert an inability to effect service via traditional methods due to the apparent lack of a current valid physical address for Defendants, a Canadian corporation and its sole owner and shareholder. *Id*. at 2-3; *see* Return of Service, attached to Summons in a Civil Case (Docs. ##8,9), at 2, filed on April 28, 2006; Complaint for Injunctive

Relief (Doc. #1; Complaint) at 3, filed on March 23, 2006. Plaintiffs also state they have been in previous contact with Defendants through their allegedly infringing website www.modis.com and therefore that "email via the . . . website provides a reliable means of communication[.]"  Motion at 4.

Pursuant to Rule 4(f), Federal Rules of Civil Procedure (Rule(s)), "service upon an individual[1] [in a foreign country] may be effected in a place not within any judicial district of the United States . . . by other means not prohibited by international agreement as may be directed by the court."  Although the Rule provides several methods for serving a foreign individual or corporation, it has been held there is no requirement that a party first exhaust those methods before petitioning a court for permission to use alternative means under Rule 4(f)(3).  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002).

Thus, Plaintiffs' request may be granted so long as service by email, facsimile, or regular mail does not violate any international agreement.  Both the United States and Canada are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention), Nov. 15, 1965, 20 U.S.T. 361.  Article 19 of the Hague

---

[1] Rule 4(h) provides that "service upon a . . . foreign corporation . . . shall be effected . . . in any manner prescribed for individuals by subdivision (f)[.]"

Convention permits service by any method allowed by the internal laws of the country in which service is made.  British Columbia[2] (Canada) Supreme Court Rule 12(1) provides for court ordered substituted service "[w]here for any reason it is impracticable to serve a document[.]"  Service of process by email has been held not to be in contravention of the laws of British Columbia.  *See D'Acquisto v. Triffo*, No. 05-C-0810, 2006 WL 44057, at *2 (E.D. Wis. Jan. 6, 2006).  Likewise, service by facsimile and regular mail would not appear to offend either the Hague Convention or the laws of British Columbia.

Based on the foregoing, the Motion (Doc. #10) is **GRANTED** and Plaintiffs may perfect service by the following methods: 1) email through Defendants' website www.modis.com; 2) facsimile; and 3) regular mail.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of May, 2006.

                                        /s/       Howard T. Snyder
                                    HOWARD T. SNYDER
                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any

---

[2] Defendant Modis Communications, Inc.'s registered business address is located in British Columbia, Canada, and Defendant Richard Godwin is believed to reside in British Columbia.  Complaint at 2-3.