UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MPS IP SERVICES CORP. a Florida
corporation; and MODIS, INC., a Florida
corporation,

              Plaintiffs

v.                                                        CASE NO.: 3:06-CV-270-VMC-HTS

MODIS COMMUNICATIONS, INC.,
a Canadian corporation; and
RICHARD GODWIN, a Canadian
resident,

              Defendants.

## **ORDER**

This cause comes before the Court upon Plaintiffs', MPS IP Service Corp. ("MPS IP") and Modis, Inc. (collectively, "Modis"), Motion for Final Default Judgment and Permanent Injunction against Defendants, Modis Communications, Inc. and Richard Godwin (collectively, "Defendants"). The Clerk previously entered default against Defendants. [Dk. 24]  For the reasons stated below, including the findings of fact and conclusions of law, the Court hereby enters a Default Judgment and Permanent Injunction against the Defendants.

    **I.**    **Standards for Permanent Injunction and Award of Attorney's Fees**

To establish entitlement to a permanent injunction, Modis must show: (1) that it has prevailed in establishing the violation of the right asserted in the complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if

the court does not order injunctive relief. *Ebay, Inc. v. Mercexchange, LLC,* 126 S.Ct. 1837 (2006)*; Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005)(citing *Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982). To establish trademark infringement and unfair competition, Modis must establish two elements: (1) that Defendants used Modis' marks in commerce without authorization, and (2) that the unauthorized use is likely to deceive, cause confusion, or result in mistake. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1307 (11th Cir. 1998). Modis is entitled to its attorney's fees if the case is an "exceptional case." 15 U.S.C. § 1117(a). An exceptional case is one where the conduct complained of can be characterized as deliberate and willful. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004).

**II.   Findings of Fact**

Based on the well-pleaded allegations of the Complaint, [Dk. 1] which are taken as true based on Defendants' failure to respond, and the unrefuted evidence presented, including the sworn Declaration of Tyra Tutor submitted by Modis [Dk. 6],the Court finds as follows:[1]

1.   Modis is the owner[2] of the trademark "MODIS" (the "MODIS Mark") in the

---

[1] Tyra Tutor's declaration was made under penalty of perjury and dated. "Under 28 U.S.C. § 1746 unsworn declarations which are in writing and which are subscribed by the declarant 'as true under penalty of perjury, and dated' can be treated with like force and effect as sworn declarations and affidavits." *PetMed Express, Inc.,* 336 F. Supp. 2d 1217, n.1 (S.D. Fla. 2004). Accordingly, in granting a default judgment and permanent injunction, the Court can reference the undisputed factual averments in Tutor's declaration. *See SEC v. Western Gold, Inc.*, Case No. 85-3506-CIV-SCOTT, 1986 U.S. Dist. LEXIS 26260 (S.D. Fla. April 25, 1986)(making findings of fact and conclusions of law "[b]ased on the affidavits submitted by the [Plaintiff] which are undisputed").

[2] MPS IP owns and holds either directly or by assignment from MPS Group these MODIS federal trademark registrations and licenses the MODIS mark to its affiliate, Modis,

United States in the classes of (I) consulting services in the field of information technology ("IT"); and, (ii) temporary staffing services.  MPS IP owns federal trademark registrations for the MODIS Mark based on use in commerce since at least as early as October 24, 1997.  [Dk. 6 ¶ 5]  Modis is in the business of providing IT consulting, staffing, and other consulting services in the United States, Canada, the United Kingdom, and Western Europe.  Modis holds itself out to the general business public under the MODIS Mark and utilizes the MODIS Mark in connection with its business of providing IT consulting, staffing, and other consulting services to its customers.  [Dk. 6 ¶ 7]

      2.      Specifically, MPS IP owns the following registration numbers in the classes indicated: 2,715,212 (consulting services in the field of information technology); 2,195,542 (temporary employment staffing services) (assigned from MPS Group to MPS IP); 2,207,351 (temporary employment staffing services) (assigned from MPS Group to MPS IP); and 2,382,351 (consulting services in the field of information technology).  [Dkt. 1, Exs. "A," "B," "C," and "D"]  Modis is also the owner of the Canadian trademark "MODIS" in the class of IT consulting services.  [Dkt. 1, Ex. H]

      3.      Since at least as early as October 24, 1997, Modis or its predecessors in interest or affiliates have continuously offered IT consulting, staffing, and other consulting services to its customers under the MODIS Mark in interstate commerce.  [Dk. 6 ¶ 8]  Modis has devoted substantial time, money, and effort to marketing and promoting the MODIS Mark through a number of channels, including, but not limited to, direct mail, sales sheets, brochures, magazines, online internet postings (such as via Monster.com), and

---

Inc., for use by Modis, Inc. in its information technology consulting and staffing services business.  [Dk. 6 ¶ 5]

direct targeted email. [Dk. 9] Modis also promotes and offers its services on its website located at www.modisit.com. The MODIS Mark is prominently displayed on Modis' website, advertising, and promotional materials distributed throughout the United States and elsewhere. [Dk. 6 ¶ 9]

4. At all relevant times, Modis has exercised great care, skill, and diligence in the conduct of its business and has maintained uniform standards of high quality in offering services under the MODIS Mark. [Dk. 6 ¶ 10] As a result, the MODIS Mark has achieved substantial consumer recognition and corresponding goodwill among its customer base across a diverse number of industries. Through its use of and promotional activities in connection with the MODIS Mark, Modis has established the MODIS Mark as a valuable and prominent indicator of a single source of uniformly high-quality IT consulting, staffing, and related services. The MODIS Mark is a strong mark that identifies the MODIS Mark with Modis' high quality services. [Dk. 6 ¶ 11]

5. Notwithstanding Modis' ownership of the MODIS Mark, Defendants offer and have continued to offer, advertise, and provide IT consulting, staffing, and consulting services identical to or closely related to those offered by Modis throughout the United States, including Orange Park, Florida (located in this District), through Defendants' website, www.modis.com; postings to this website have occurred as recently as January 8, 2007, after Defendants were served with the Complaint. [Dk. 6 ¶ 18; Motion for Default Judgment and Permanent Injunction, Ex. "A"]

6. Defendants' use of the MODIS Mark was and continues to be without authorization or permission from Modis. [Dk. 1 ¶¶ 25-33]

7. Defendants' use of the MODIS Mark has created customer confusion

regarding the source, origin, or sponsorship of Defendants' products, and Defendants are attempting to improperly capitalize on Modis' goodwill and business reputation. [Dk. 6 ¶¶ 24, 25]

8. Defendants' use of the MODIS Mark and the www.modis.com domain name has caused and threatens to continue to cause Modis irreparable injury in loss of goodwill and business reputation. [Dk. 6 ¶ 23]

9. Modis' injuries are unquantifiable, and as such there is no adequate remedy at law. [Dk. 6 ¶ 23]

10. Defendants' use of the MODIS Mark was and continues to be intentional, willful, and in bad faith. Defendants tailored the domain name and their business to specifically capitalize on Modis' goodwill and business reputation. [Dk. 1 ¶¶ 37, 38]

### III. Conclusions of Law

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367(a). The Court has personal jurisdiction over the Defendants because Defendants have committed trademark infringement, unfair competition, trademark dilution, and other actionable misconduct within this District; because Defendants have purposefully directed their activities towards forum residents; and because Defendants have caused injury to Modis and its intellectual property in this District.

Defendants failed to respond to Modis' Complaint and the Clerk, pursuant to Fed.R.Civ.P. 55 and upon Motion by Modis, entered a default against the Defendants for failure to answer the Complaint.

Modis is entitled to default judgment against Defendants pursuant to Fed.R.Civ.P. 55 on all of its claims set forth in the Complaint for federal trademark infringement, federal

and common law unfair competition, trademark dilution, and deceptive and unfair trade practices, and a permanent injunction against Defendants pursuant to Fed.R.Civ.P. 65. Modis has established that Defendants have infringed upon the MODIS Mark and engaged in unfair competition and other actionable misconduct.  Defendants have used the MODIS Mark in commerce without authorization and in the same or similar line of business as Modis' business.  Defendants' use of the MODIS Mark has caused actual consumer confusion and is likely to continue to confuse, deceive, and result in further consumer confusion and mistake as to the source of Modis' and Defendants' services in the form of the consuming public: (i) continuing to wrongly associate Modis with Defendants; (ii) continuing to believe that Modis is somehow affiliated or connected with Defendants or has approved Defendants' services; or (iii) confusing Defendants and their services with Modis. Moreover, Modis will suffer irreparable injury if an injunction is not granted, and there is no adequate remedy at law to compensate Modis for its injuries.

The Court also concludes that this is an exceptional case, entitling Modis to its attorney's fees.  As noted, a case is exceptional if the infringement can be classified as deliberate or willful. Several courts have defined willful infringement "'as when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Petmed Express*, 336 F. Supp. 2d at 1220 (quoting *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)).  Defendants have been served with the complaint, the motion for preliminary injunction , and the motion for default judgment and permanent injunction.  (Doc. ##21, 22, and 27).  Clearly, the Defendants are on notice of their infringement. Moreover, willfulness may be inferred from the Defendants' default.  *Id.* (citing *Arista Records*, 298 F. Supp. 2d at 1313).  For the

foregoing reasons, the Court finds that the Defendants have willfully infringed on the Modis Mark. Accordingly, Modis is entitled to recover its reasonable attorney's fees from Defendants.

**IV.     Order**

Based on the foregoing factual findings and for good cause shown, the Court hereby enters: (I) Default Judgment in favor of Modis and against Defendants as to Modis' claims for federal trademark infringement, federal and common law unfair competition, trademark dilution, and unfair and deceptive trade practices; and, (ii) a Permanent Injunction in favor of Modis; the Court further orders in connection thereto that Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Default Judgment and Permanent Injunction, pursuant to Fed.R.Civ.P. 65, are PERMANENTLY ENJOINED, directly or indirectly, from:

(a)     using or continuing to use the MODIS Mark or Modis' trademarks in any infringing manner;

(b)     using any mark or name confusingly similar to the MODIS Mark or any of Modis' trademarks in connection with the marketing, advertising, or provision by Defendants of IT consulting, staffing, or other consulting services similar in any way to those that Modis offers to its customers;

(c)     directly or indirectly representing to the public that Defendants are affiliated with or licensed, sponsored, authorized, or approved by Modis; and,

(d)     using and maintaining the infringing website www.modis.com to advertise, market, promote, or provide IT consulting, staffing, or other consulting services

similar in any way to those that Modis offers to its customers.

The Court further ORDERS that:

(a) Defendants file with this Court and serve on Modis' counsel within thirty (30) days after entry of this Default Judgment and Permanent Injunction a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the requirements of this Default Judgment and Permanent Injunction;

(b) Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Default Judgment and Permanent Injunction, in connection with any future operation of any www.modis.com website that Defendants claim does not infringe upon the MODIS Mark as the Court has found herein or otherwise violate the terms of this Default Judgment and Permanent Injunction, must post a prominent disclaimer in the upper portion of the first page of any such website (or any other similar website address such as www.modis.net or www.modis.org) and the upper portion of all other pages of any such website, as follows:

THIS WEBSITE IS NOT AFFILIATED WITH THE INFORMATION TECHNOLOGY SERVICES AND SOLUTIONS PROVIDER, MODIS, INC. MODIS, INC.'S WEBSITE CAN BE FOUND AT WWW.MODISIT.COM.

(c) Modis is entitled to its reasonable attorney's fees pursuant to 28 U.S.C. § 1125. Modis shall provide the Court with appropriate affidavits concerning its reasonable attorney's fees incurred in this action within ten (10) days of the entry of this Default Judgment and Permanent Injunction;

and,

(d)  The Court retains jurisdiction of this action to enter further orders regarding the attorneys' fees matters addressed in (d), above, to award costs, and to enforce compliance with the terms of this Default Judgment and Permanent Injunction as necessary.

DONE and ENTERED in Jacksonville, Florida this <u>6th</u> day of <u>March</u>, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record